Shahin Motallebi, Esq.   SBN 210870
smotallebi@lawoffice2.com
**Law Offices of Shahin Motallebi**
1575 Westwood Boulevard, Suite 201
Los Angeles, California  90024
Telephone:   (310) 268-1685
Facsimile:    (310) 683-0255

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JAMES FIERRO, an individual | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| VOLKSWAGEN GROUP OF AMERICA, INC.; AUDI OF AMERICA, INC.; VOLKSWAGEN AG; AUDI AG; AND  STAHL MOTOR COMPANY, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

### NATURE OF THE CASE

Plaintiff Mark James Fierro ("Plaintiff") brings this action against Volkswagen Group of America, Inc., Audi of America, Inc., Volkswagen AG, Audi AG, and Stahl Motor Co., Inc. Defendnats Volkswagen Group of America, Inc., Audi of America, Inc., Volkswagen AG, and Audi AG ("Vehicle &Airbag Manufacturer Defendants" or "VAAM Defendants") designed, manufactured, distributed, installed, tested, and sold defective Audi vehicles in the United States with defective airbags that have been subject to an airbag-related warning or recall. Defendant Stahl Motor Company, Inc. ("Stahl"), a California dealership, sold to Plaintiff a defective Audi S-4 with a defective airbag. Plaintiff's files this compalint against said Defendnats for claims under federal and state laws. Plaintiff, based upon personal knowledge as to himself, and his own acts, and as to all other matters upon information and belief, based upon the investigation made by the undersigned attorneys, alleges as follows:

1. Every day, in excess of 100 drivers and passengers of motor vehicles are injured or killed in car accidents.  When people operate a motor vehicle or ride in one as a passenger, they trust and rely on the manufacturers of those motor vehicles to make those vehicles safe, and the dealerships that sell those vehicles to sell those vehicles in a safe condition.  And one of the central safety features of any motor vehicle is the airbag.  Remarkably, VAAM Defendants designed, manufactured, and tested a large number of defective airbags which were installed on defective cars produced and sold by said Defendants, including Plaintiff's car, an Audi 2007 S4, 4.2 Sedan 4-DR, 6-SPD Quattro, VIN WAUG178E67A228178, that was purchased as "used" by Plaintiff on September 21, 2012 from Defendant STAHL MOTOR COMPANY, INC. ("Stahl"). See Exhibit "A."  As alleged in Plaintiff's Complaint, based on information and belief, Defendants concealed their knowledge of the nature and extent of the defects in the airbags installed in Audi vehicles from the public, in blatant disregard for public welfare and safety, and failed to immediately cure the said defect. As of today's date, only 2013 to 2015  Audi A-4 and S-4 and Allroad are recalled for defective airbags.

1

2.   Airbags are meant to inflate rapidly during an automobile collision.  The airbag's purpose is to cushion occupants during a crash and provide protection to their bodies when they strike objects in the vehicle, such as the steering wheel, dash board, or windshield.  When people operate a motor vehicle or ride in one as a passenger, they trust and rely on the manufacturers of those motor vehicles to make those vehicles safe.  And one of the central safety features of any motor vehicle is the airbag.

3.   In a statement released by Audi of America on October 24 of 2014 to the public, and to the National Highway Traffic Safety Administration ("NHTSA") Defendants recalled 101,900 2013 to 2015 Audi A-4, S-4, and Allroad  vehicles ("Defective Vehicles") because the said Defective Vehicles contained front airbags manufactured by VAAM Defendants that did not deploy in a crash as designed, due to an improper algorithm within the airbag control module. Also, it was further stated that the front-seat occupants may not have the intended protection from the frontal airbag system in a secondary impact, putting them at risk for injury. See Exhibit "B."

4.   VAAM Defendants allegedly discovered the problem during routine testing in August of 2014. VAAM Defendants allegedly realized at the said date that if a crash triggers the deployment of the side airbags, a second impact to the front of the vehicle may not trigger the front airbags to deploy. Moreover, further analysis by VAAM Defendants led to discovery of reported incidents in Europe which led the VAAM Defendants to belatedly order the recall on October 17, 2014.

5.   As a result of Defendants' misconduct, Plaintiff was severely harmed in an auto accident while driving his 2007 Audi S-4. Plaintiff suffered actual physical injury due to the malfunction of his Audi S-4's front airbag that failed to deploy in a severe crash and roll-over on November 28 of 2013. See Exhibits "C" & "D."  Plaintiff's injuries included traumatic head injury, loss of his fourth an fifth fingers on his left hand, as well as loss of normal function in his left hand, left shoulder, and left arm, and other debilitating physical and psychological damages. See Exhibits "E" & "F."

6.  The VAAM Defendants and Stahl knew or should have known that the airbags installed in the said Defective Vehicles were defective, and that the vehicles were defective. The VAAM Defendants who concealed their knowledge of the nature and extent of the defects from the public have shown a blatant disregard for public safety.

## JURISDICTION AND VENUE

7.  Jurisdiction is proper in this Court pursuant to the Diversity of Citizenship under 28 U.S.C. § 1332, and an amount in controversy greater than $75,000.

8.  Venue is proper in this Court pursuant to 28 U.S.C § 1391 because substantial part of the events or omissions giving rise to these claims occurred in this District, and the Defendants have caused harm to Plaintiff who resides in this District.

9.  This Court has personal jurisdiction over Plaintiff because Plaintiff submits to the Court's jurisdiction. This Court has personal jurisdiction over all Defendants because they conduct substantial business in this District, and some of the actions giving rise to the Complaint took place in this District.

## PARTIES

### Plaintiff

10.  Plaintiff is a resident of California and resides in Culver City, which is in Los Angeles County, California.  Plaintiff, at the time of the accident, owned a 2007 Audi S-4,  and was injured as a result of Defendants' unlawful conduct.

### Defendants

11.  Defendant Volkswagen Group of America, Inc. is a wholly owned subsidiary of Volkswagen AG, one of the world's leading automobile manufacturers and the largest carmaker in Europe. It operates a manufacturing plant in Chattanooga, Tennessee and houses the U.S. operations of a worldwide family of brands including Audi, Bentley, Bugatti, Lamborghini and Volkswagen, as well as VW Credit, Inc. Founded in 1955, the company's headquarters are in Herndon, Virginia.

12.  Defendant Audi of America, Inc. is a wholly owned subsidiary of Volkswagen AG, with headquarters in Herndon, Virginia.

13.  Defendant Volkswagen AG is a foreign for-profit company with its headquarters in Wolfsburg, Germany. Volkswagen AG is one of the world's leading automobile manufacturers and the largest carmaker in Europe. In 2014, the Group increased the number of vehicles delivered to customers to 10.137 million (2013: 9.731 million). Volkswagen's share of the world passenger car market amounts to 12.9 percent

14.  Defendant Audi AG is a foreign, wholly owned subsidiary of Volkswagen AG.

15.  Defendant Stahl Motor Company, Inc. is a California for-profit corporation located in Monterey, California.

## FACTUAL BACKGROUND

### I.  VAAM Defendants are Manufacturer of Defective Vehicles with Defective Airbags

16.  Defendant Volkswagen AG, and its wholly owned subsidiaries, collectively VAAM Defendants, design, manufacture, distribute, test, and sell Audi vehicles in the United  States and around the globe that are equipped with airbags.

17.  Defendant Stahl Motor Company, Inc. is a car dealership that operates in the state of California, with its main location in the city of Monterey.

18.  Plaintiff purchased a used 2007 Audi S-4 from Stahl on 09/21/2012.

19.  The said purchased vehicle was defective, equipped with a defective airbag, airbag triggering mechanism, airbag module,and airbag software.

20.  Plaintiff was involved in a traffic accident while driving his 2007 Audi S-4 on November 28, 2013. Front airbags of Plaintiff's Audi S-4 did not deploy. As a result of the said malfunction, Plaintiff sustained severe and traumatic injury to his forehead, lost two fingers of his left hand, suffered severe shoulder and left arm injury, and other severe physical and psychological injuries.

21. As a direct and proximate result of Defendants' negligence and carelessness as described above Plaintiff sustained the above-described permanent injuries, loss of use of

of his left hand due to the loss of two fingers, and damage to the middle finger, and also loss of wages, permanent decrease of wage earning potential, loss of quality of life, and other economic and non-economic damages according to proof at trial.

22.   As a direct and proximate result of the defective and dangerous condition of Plaintiff's Audi S-4 vehicle as described above, Plaintiff sustained severe and traumatic injury to his forehead, lost two fingers of his left hand, suffered severe shoulder and left arm injury, and other severe physical and psychological injuries according to proof at trial.

## **CLAIMS FOR RELIEF**

### **FIRST CLAIM FOR RELIEF**
**Violation of the Magnuson-Moss Warranty Act**
**15 U.S.C. §§ 2301 *et seq*.**

23.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

24.   This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 28 U.S.C. § 1332 (a)-(d).

25.   Plaintiff is "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

26.   Defendants are "supplier[s]" and "warrantor[s]" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

27.   The Defective Vehicles are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

28.   15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

29.   Defendants express warranties are written warranties within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).  The Defective Vehicles' implied warranties are covered under 15 U.S.C. § 2301(7).

30.   Defendants breached these warranties as described in more detail above. Without limitation, the Defective Vehicles share a common design defect in that they are equipped with defective airbags that fail to deploy during normal operation, leaving occupants of the Defective Vehicles vulnerable to crashes, serious injury, and death. Defendants have admitted that the Defective Vehicles are defective in issuing its recall.

31.   Plaintiff has had sufficient direct dealings with either Defendants or its agents (dealerships) to establish privity of contract between Defendants, on the one hand, and Plaintiff, on the other hand.  Nonetheless, privity is not required here because Plaintiff is intended third-party beneficiary of contracts between Defendants and its dealers, and specifically, of Defendants implied warranties.  The dealers were not intended to be the ultimate consumers of the Defective Vehicles and have no rights under the warranty agreements provided with the Defective Vehicles; the warranty agreements were designed for and intended to benefit the consumers only.  Finally, privity is also not required because the Defective Vehicles are dangerous instrumentalities due to the aforementioned defects and nonconformities.

32.   Affording Defendants a reasonable opportunity to cure its breach of written warranties would be unnecessary and futile here.  At the time of sale or lease of each Defective Vehicle, Defendants knew, should have known, or was reckless in not knowing of its misrepresentations concerning the Defective Vehicles' inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the defective design.  Under the circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirement that Plaintiffs resort to an informal dispute resolution procedure and/or afford Defendants a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

33.   The amount in controversy of Plaintiff's individual claims meets or exceeds the sum of $25.  The amount in controversy of this action exceeds the sum of $75,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit. Plaintiff seeks all damages permitted by law, according to proof at trial.

## SECOND CLAIM FOR RELIEF

### Fraudulent Concealment

34.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein

35.   Defendants intentionally concealed material facts from Plaintiff, the public, and NHTSA.  Defendants knew that the Defective vehicles were designed and manufactured with airbag defects, but Defendants concealed those material facts.  Although the Defective vehicles contain material airbag defects that Defendants knew of, or should have known of, at the time of distribution, Defendants recklessly manufactured and distributed those vehicles to consumers in the United States.  Those consumers had no knowledge of the defects.

36.   Defendants had a duty to disclose the facts to Plaintiffs, the public, and NHTSA, but failed to do so.

37.   Defendants knew that Plaintiff had no knowledge of those facts and that Plaintiff did not have an equal opportunity to discover the facts.  Defendants was in a position of superiority over Plaintiff.  Indeed, Plaintiff trusted Defendants not to sell or lease them vehicles that were defective or that violated federal law governing motor vehicle safety.

38.   By failing to disclose these material facts, Defendants intended to induce Plaintiff and the public to purchase or lease the Defective Vehicles.

### THIRD CLAIM FOR RELIEF
### Violation of the California False Advertising Law
### Cal. Civil Code §§ 17500 *et seq.*

39.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

40.   Defendants are "persons" under California Civil Code § 1761(c).

41. Plaintiff is a member of the California State Class of "consumers," as defined by California Civil Code § 1761(d), who purchased a defective Audi vehicle with defective airbag, and suffered serious injuries due to defective  airbags.

42.   Defendants participated in unfair or deceptive acts or practices that violated the Consumer Legal Remedies Act ("CLRA"),Cal. Civ. Code § 1750, *et seq.*, as described above and below, by among other things, representing that the Defective Vehicles and/or defective airbags have characteristics, uses, benefits, and qualities which they do not have; representing that Defective Vehicles and/or defective airbags are of a particular standard, quality, and grade when they are not; advertising Defective Vehicles and/or defective airbags  with the intent not to sell or lease them as advertised; and representing that the subject of a transaction involving Defective Vehicles and/or defective airbags has been supplied in accordance with a previous representation when it has not.

43.   In the course of their business, VAAM Defendants willfully failed to disclose and actively concealed the dangers and risks posed by the defective vehicles with defective airbags, and otherwise engaged in activities with a tendency or capacity to deceive. VAAM Defendants also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of Defective Vehicles containing defective airbags. Defendants are directly liable for engaging in unfair and deceptive acts or practices in the conduct of trade or commerce in violation of the CLRA. Defendant parent companies are also liable for their subsidiaries' violations of the CLRA because the subsidiaries act and acted as the parents companies' general agents in the United States for purposes of sales and marketing.

44.   As alleged above, Defendants knew or should have known of the dangers and risks posed by the defective airbags, while the Plaintiff and other cosumers were deceived by the Defendants' omissions into believing the Defective Vehicles were safe, and the information could not have reasonably been known by the consumer.

45.   Defendants knew or should have known that their conduct violated the CLRA.

8
COMPLAINT

46.   As alleged above, the Defendants made material statements about the safety and reliability of Defective Vehicles that were either false or misleading.

47.   VAAM Defendants engaged in a deceptive trade practice when they failed to disclose material information concerning the Defective Vehicles and/or defective airbags which they knew at the time of the sale/lease. Defendants knew of and deliberately withheld the information about the defective airbags' failure to deploy or otherwise malfunction in order to ensure that consumers would purchase their vehicles and to induce the consumer to enter into a transaction. To protect their profits and to avoid remediation costs and a public relations nightmare, Defendants concealed the dangers and risks posed by the defective airbags and their tragic consequences and allowed unsuspecting new and used car purchasers to continue to buy/lease the Defective Vehicles and allowed all Defective Vehicle owners/lessors to continue driving highly dangerous vehicles.

48.   VAAM Defendants each owed Plaintiff and other California consumers a duty to disclose the defective nature of Defective Vehicles and/or dangers and risks posed by the defective airbags, including the dangerous risk that the defective Audi airbags will not deploy, because they:

> a.   Possessed exclusive knowledge of the defects rendering Defective Vehicles and/or defective airbags inherently more dangerous and unreliable than similar vehicles;
>
> b.   Intentionally concealed the hazardous situation with Defective Vehicles and/or defetive airbags through their deceptive marketing campaign and recall program that they designed to hide the life-threatening problems from Plaintiff other California consumers; and/or
>
> c.   Made incomplete representations about the safety and reliability of Defective Vehicles and/or defective airbags while purposefully withholding material facts from Plaintiff and other California consumers that contradicted these representations.

49.  The Defective Vehicles with defective airbags posed an unreasonable risk of death or serious bodily injury to Plaintiff, California consumers, passengers, other motorists, pedestrians, and the public at large, because the defective airbags fail to deploy in normal operation and/or other malfunctions.

50.  Defendants' unfair or deceptive acts or practices were likely to deceive reasonable consumers, including Plaintiff, about the true safety and reliability of Defective Vehicles with defective airbags. Defendants intentionally and knowingly misrepresented material facts regarding the Defective Vehicles with defective airbags with an intent to mislead Plaintiff and other California consumers.

51.  The Defendants have also violated the CLRA by violating the TREAD Act, 49 U.S.C. §§ 30101, *et. seq.*, and its accompanying regulations by failing to promptly notify vehicle owners, purchasers and dealers of the defective Audi airbags and remedy the defects. 49 U.S.C. § 30118(b)(2)(A) & (B).

52.  Defective Vehicles equipped with the defective airbags posed and/or pose an unreasonable risk of death or serious bodily injury Plaintiff and other California consumers, passengers, other motorists, and pedestrians, because the defective airbags fail to deploy in normal operation and/or other malfunctions.

53.  Defendants' unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff, about the true safety and reliability of the Defective Vehicles and/or deective Audi airbags.

54.  The propensity of the Defective Vehicles' airbags not to deploy or otherwise malfunction was material to Plaintiff and other California consumers. Had Plaintiff and other California consumers known that their vehicles had these serious safety dangers, risks and/or defects, they would not have purchased their Defective Vehicles containing defective airbags.

55.  Plaintiff and other California consumers have been proximately and directly damaged by Defendants' misrepresentations, concealment, and non-disclosure of the dangers and risks posed by the defective airbags in the Defective Vehicles.

56. Plaintiff suffered irreparable injury as a result of the Defendants' acts and omissions in violation of the CLRA, and these violations present a continuing risk to other California consumers as well as to the general public. The Companies' unlawful acts and practices complained of herein affect the public interest.

57. The recall and repairs instituted by VAAM Defendants have not been adequate. The recall is not an effective remedy and is not offered for all Defective Vehicles and other vehicles with defective airbags susceptible to the malfunctions described herein. Moreover, VAAM Defendants' failure to fully comply with TREAD Act disclosure obligations continues to pose a grave risk to the California State Class.

58. As a direct and proximate result of Defendants' violations of the CLRA, Plaintiff has suffered injury-in-fact and, if not stopped, will continue to harm other California consumers. Plaintiff owned an Audi vehicle that was defective and inherently unsafe. Plaintiffs suffered irreparable injury as a result of Defendants' acts and omissions in violation of the CLRA, and these violations present a continuing risk to Plaintiff and other California consumers as well as to the general public.

59. Thus Plaintiff demands judgment against Defendants under the CLRA for injunctive relief in the form of restitution and/or proportional disgorgement of funds paid to Defendants to purchase his vehicle, an injunction requiring Defendants to adequately and permanently repair the vehicles, or provide a suitable alternative, free of charge, and an award of attorneys' fees pursuant to Civil Code § 1780(d). Plaintiffs seeks this injunctive relief for Defendants' violations of CLRA §§ 1770(a) (5), (7), and (9).

60. In accordance with section 1782(a) of the CLRA, Plaintiff's counsel, on behalf of Plaintiff, will serve Defendants with notice of their alleged violations of California Civil Code § 1770(a) relating to the Defective Vehicles purchased by Plaintiff, and demanding that Defendants correct or agree to correct the actions described therein. If Defendants fail to do so, Plaintiff will amend this Complaint to include compensatory and monetary damages to which Plaintiff is entitled.

## FOURTH CLAIM FOR RELIEF
### Violations of the California Unfair Competition
### Law Cal. Bus. & Prof. Code § 17200, *et seq.*

61.  Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

62.  California Business and Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising. . . .".

63.  The Defendants committed an unlawful business act or practice in violation of § 17200 by their violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et. seq.*, as set forth above, by the acts and practices set forth in this Complaint.

64.  VAAM Defendants also violated the unlawful prong because they have engaged in violations of National Traffic and Motor Vehicle Safety Act of 1996, codified at 49 U.S.C. § 30101, *et. seq.*, and its regulations.

65.  Federal Motor Vehicle Safety Standard ("FMVSS") 573 governs a motor vehicle manufacturer's responsibility to notify the NHTSAof a motor vehicle defect within five days of determining that a defect in a vehicle has been determined to be safety-related. See 49 C.F.R. § 573.6.

66.  VAAM Defendants violated the reporting requirements of FMVSS 573 requirement by failing to report the airbag defect or any of the other dangers or risks posed by the defective airbags within five days of determining the defect existed, and failing to recall all affected vehicles.

67.  VAAM Defendants also violated the common-law claim of negligent failure to recall, in that they knew or should have known that the Defective Vehicles and/or defective airbags were dangerous and/or were likely to be dangerous when used in a reasonably foreseeable manner; Defendants became aware of the attendant risks after the Defective Vehicles with defective airbags were sold; they continued to gain information further corroborating the airbags' defects and dangers posed by the defective airbag; and

and VAAM Defendants failed to adequately recall the Defective Vehicles with defective airbags in a timely manner, which failure was a substantial factor in causing Plaintiff severe, irreparable harm.

68.   VAAM Defendants committed unfair business acts and practices in violation of § 17200 when they concealed the existence and nature of the airbag defects and dangers and risks posed by the defective airbags, and they represented that Defective Vehicles containing airbags were reliable and safe when, in fact, they are not. The defective airbags present safety hazards for occupants of vehicles in which they are installed.

69.   VAAM Defendants also violated the unfairness prong of § 17200 by failing to properly administer the numerous recalls of their vehicles with the defective airbags. Audi of America, Inc. has not even recalled Audi A-4 and S-4 vehicles that were manufactured before 2013.

70.   VAAM Defendants violated the fraudulent prong of § 17200 because the misrepresentations and omissions regarding the safety and reliability of their vehicles and/or airbags as set forth in this Complaint were likely to deceive a reasonable consumer, and the information would be material to a reasonable consumer.

71.   VAAM Defendant committed fraudulent business acts and practices in violation of 17200 when they concealed the existence of dangers and risks and nature of dangers and risks posed by the defective airbags, while representing in their marketing, advertising, and other broadly disseminated representations that the vehicles containing airbags were reliable and safe when, in fact, they are not. Defendants' representations and active concealment of the dangers and risks posed by the defective airbags are likely to mislead the public with regard to the true defective nature of the Defective Vehicles and other vehicles with defective airbags.

72.   VAAM Defendants have violated the unfair prong of § 17200 because of the acts and practices set forth in the Complaint, including the manufacture and sale of vehicles with defective airbags, and Defendants' failure to adequately investigate,

disclose and remedy, offend established public policy, and because of the harm they cause to consumers greatly outweighs any benefits associated with those practices. VAAM Defendants' conduct has also impaired competition within the automotive vehicles market and has prevented California consumers from making fully informed decisions about whether to purchase or lease Class Vehicles and/or the price to be paid to purchase or lease Class Vehicles.

73.   Plaintiff has suffered injuries in fact, including physical and economic loss, as a result of VAAM Defendants' unfair, unlawful, and/or deceptive practices. As set forth in the allegations, Plaintiff, and other California consumers, in purchasing or leasing their vehicles, relied on the misrepresentations and/or omissions of all Defendants with respect of the safety and reliability of the vehicles and/or airbags. Defendants' representations turned out not to be true. Had Plaintiff and other California consumers known this they would not have purchased or leased their Class Vehicles.

74.   All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendants' businesses. Defendants' wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the State of California and nationwide.

75.   As a direct and proximate result of Defendants' unfair and deceptive practices, Plaintiff and other California consumers have suffered and will continue to suffer actual damages.

76.   Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin the Defendants from continuing its unfair, unlawful, and/or deceptive practices, as provided in Cal. Bus. & Prof. Code § 17203; and for such other relief set forth below.

77.   Plaintiff also requests equitable and injunctive relief in the form of Court supervision of Defendants' recalls of the various Class Vehicles, to ensure that all affected vehicles are recalled and that the recalls properly and adequately cure the airbag and other defects

**FIFTH CLAIM FOR RELIEF**
**Violation of the Song-Beverly Consumer Warranty Act for Breach of Implied**
**Warranty of Merchantability (California "Lemon Law")**
**Cal. Civ. Code. §§ 1791.1 & 1792**

78.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

79.   Plaintiff and other California consumers who purchased or leased the Defective Vehicles with defective airbags in California are "buyers" within the meaning of California Civil Code § 1791(b).

80.   The Defective Vehicles with defective airbags are "consumer goods" within the meaning of California Civil Code § 1791(a).

81.   VAAM Defendants are "manufacturers" of the Defective Vehicles and/or airbags within the meaning of Cal. Civ. Code § 1791(j).

82.   All Defendants impliedly warranted to Plaintiff and other the California consumers that their Defective Vehicles with defective airbags were "merchantable" within the meaning of Cal. Civ. Code§§ 1791.1(a) & 1792; however, the Defective Vehicles with defective airbags do not have the quality that a buyer would reasonably expect, and were therefore not merchantable.

83.   California Civil Code § 1791.1(a) states:
"Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

(1) Pass without objection in the trade under the contract description.

(2) Are fit for the ordinary purposes for which such goods are used.

(3) Are adequately contained, packaged, and labeled.

(4) Conform to the promises or affirmations of fact made on the container or label.

84.   The Defective Vehicles, other vehicles with defective airbags, and/or defective airbags would not pass without objection in the automotive trade because of the dangers and risks posed by the defective airbags described herein, leading to an

unreasonable likelihood that airbag deployment malfunctions would cause serious bodily harm or death to vehicle occupants.

85.   Because of the dangers and risks posed by the defective airbags, the Defective Vehicles are not safe to drive and thus not fit for ordinary purposes.

86.   The Defective Vehicles, other vehicles with defective airbags, and/or defective airbags are not adequately labeled because the labeling fails to disclose the dangers and risks posed by the defective airbags. VAAM Defendants failed to warn about the dangerous safety defects in and risks posed by the Defective Vehicles and/or defective airbags.

87.   VAAM Defendants breached the implied warranty of merchantability by manufacturing and selling Defective Vehicles containing defective airbags and/or defective airbags that are susceptible not to deploy or other malfunctions. These dangers and risks deprived Plaintiff and other California consumers of the benefit of their bargain and have diminished and depreciated the value of the Defective Vehicles and other vehicles with defective airbags.

88.   Notice of breach is not required because Plaintiff did not purchase his 2007 Audi S-4 directly from VAAM Defendants. Notice of breach would be futile given the failure to recall of older model A-4 and S-4 Audis, and VAAM Defendants' knowledge of the dangers and risks that breach the implied warranty of merchantability.

89.   As a direct and proximate result of all Defendants' breaches of their duties under California's Lemon Law, Plaintiff and other California consumers received goods whose dangerous condition substantially impairs their value to Plaintiff and other California consumers. Plaintiff has damaged by the products' malfunctioning.

90.   Under California Civil Code §§ 1791.1(d) & 1794, Plaintiff, and other similarly situated California consumers, who were injured due to the product's malfunctioning, are entitled to damages and other legal and equitable relief.

91.   Under California Civil Code § 1794, Plaintiff is entitled to costs and attorneys' fees.

# SIXTH CAUSE OF ACTION
## Breach of Implied Warranty of Merchantability
## Cal. Com. Code. § 2314

92.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

93.   Defendants are and were at all relevant times a merchant with respect to motor vehicles under California Commercial Code § 2104.

94.   A warranty that the Defective Vehicles, and other vehicles with airbags and/or airbags were in merchantable condition was implied by law in the instant transaction, pursuant to Cal. Com. Code § 2314.

95.   These vehicles and/or airbags, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which cars are used for the reasons specified above and below.

96.   Defendants were provided notice of these issues by their own knowledge of these issues, the instant Complaint, and by other means before or within a reasonable amount of time after Defendants issued the recalls and the allegations of vehicle and airbag dangers and defects became public.

97.   Plaintiff has had sufficient direct dealings with either the Defendants or their agents (dealerships) to establish privity of contract between Plaintiff, on one hand, and Defendants, on the other hand. Notwithstanding this, privity is not required in this case because Plaintiff and other California consumers are intended third-party beneficiaries of contracts between the Defendants. Specifically, they are the intended beneficiaries of Defendants' implied warranties. The dealers were not intended to be the ultimate consumers of the Defective Vehicles and/or airbags and have no rights under the warranty agreements provided with the Defective Vehicles; the warranty agreements were designed for and intended to benefit the ultimate consumers only. Finally, privity is also not required because Plaintiff's and other consumers' vehicles with defective airbags are dangerous instrumentalities due to the aforementioned dangers and risks.

98.   As a direct and proximate result of Defendants' breach of the warranties of merchantability, Plaintiff has been damaged in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION
### Negligent Failure to Recall

99.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

100.   Defendants knew or reasonably should have known that the Defective Vehicles and/or the vehicles with the defective airbags were dangerous and/or were likely to be dangerous when used in a reasonably foreseeable manner for the reasons set forth above and below.

101.   For the reasons set forth above and below, Defendants either knew of the dangers posed by the defective airbags before the vehicles with the defective airbags were sold, or became aware of them and their attendant risks after the vehicles and/or airbags were sold.  Defendants continued to gain information further corroborating the A-4, S-4 and Allroad vehicles' airbag-related dangers, risks and defects until the present.

102.   VAAM Defendants failed to adequately recall the Defective Vehicles, vehicles with defective airbags, and/or airbags in a timely manner.

103.   Purchasers and lessors of the Defective Vehicles, including Plaintiff and other California consumers, were harmed by VAAM Defendants' failure to adequately recall all the Defective Vehicles in a timely manner and have suffered damages, including, in Plaintiff's case, physical and psychological damages, and other economic and non-economic losses,  and the costs associated with the loss of use of the Defective Vehicles.

104.   VAAM Defendants' failure to timely and adequately recall the Defective Vehicles with defective airbags, and/or defective airbags was a substantial factor in causing Plaintiff, and other similarly situated California consumers, harm.

**EIGHT CAUSE OF ACTION**
**(Negligence, Gross Negligence, Willful and Wanton Conduct)**
**(Design Defect As to All VAAM Defendants)**

105.  Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

106.  At all times relevant herein, VAAM Defendants designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Audi vehicle, including Plaintiff's 2007 Audi S-4 ("Vehicle"), and its components, including but not limited to, equipping it with its driver's frontal airbag system.

107.  At all times relevant herein, VAAM Defendants designed the Vehicle and its driver's frontal airbag system and each Defendant owed Plaintiff a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell the Vehicle  and its components, including the driver's frontal airbag system, so that it would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

108.   At all times relevant herein, as designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by VAAM Defendants, the Vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its driver's frontal airbag system is and was inadequately designed and constructed, and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable accidents occurring in the real world environment of its expected use.

109.   VAAM Defendants, each were collectively and respectively negligent, grossly negligent, willful, wanton, reckless and careless in the design of the subject Vehicle and breached their duties of care owed to Plaintiff by:

a. failing to adopt and implement adequate safety hierarchy procedures and policies;

b.  failing to design, manufacture, test, assemble and/or install the driver's airbag system so as to prevent it from having excessively energetic propellant, deploying with excessive force, and/or from expelling shrapnel in foreseeable collisions to kill or injure drivers or passengers upon air bag deployment during the same;

c. failing to design, test, assemble and/or install the driver's airbag system so that it was properly vented and would adequately deflate under foreseeable impacts;

d.  failing to ensure that the subject Vehicle was reasonably crashworthy;

e.  failing to exercise reasonable care in the design of the subject Vehicle and its driver's frontal airbag system;

f.  failing to exercise reasonable care in the testing of the subject Vehicle and its driver's frontal airbag system;

g.  failing to exercise reasonable care in the inspection of the subject Vehicle and its driver's frontal airbag system;

h.  failing to adopt and implement adequate warnings regarding subject Vehicle and its driver's frontal airbag system;

i.  failing to incorporate appropriate quality assurance procedures in design of the of the subject Vehicle and its driver's frontal airbag system; and

j.  and on such other and further particulars as the evidence may show.

110.   At all times relevant herein, as a direct and proximate result of VAAM Defendants' negligence and the breaches complained of herein, Plaintiff has suffered serious and permeant injuries including, but not limited to, severe head trauma, loss of two fingures, loss of use of left hand, scarring, shoulder and left arm damage, excruciating pain  and suffering,  mental  anguish,  loss of earning potential, loss of quality of life, and emotional distress from his accident on November 28, 2013.

111.  WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for all actual and compensatory damages he suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from

repeated, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

## NINTH CAUSE OF ACTION
### (Negligence, Gross Negligence, Willful and Wanton Conduct)
### (Manufacturing Defect As to All VAAM Defendants)

112.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

113.   At all times relevant herein, all VAAM Defendants took part in and/or were responsible for the manufacture, selection, inspection, testing, design, assemblage, equipment, marketing, distribution, and/or sale of the Vehicle and its component parts, including but not limited to its defective frontal airbag system, to Plaintiff at some point prior to the Incident on November 28, 2013.

114.   At all times relevant herein, VAAM Defendants manufactured the Vehicle and its driver's frontal airbag system and each Defendant owed Plaintiff a duty of reasonable care to manufacture, select, inspect, test, assemble, equip, market, distribute, and sell the Vehicle and its components, including the driver's frontal airbag system, so that it would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

115.   At all times relevant herein, as manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by VAAM Defendants, the Vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its driver's frontal airbag system is inadequately designed and constructed, and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable accidents occurring in the real world environment of its expected use.

116.  At all times relevant herein, VAAM Defendants each were collectively and respectively negligent, grossly negligent, willful, wanton, reckless and careless and breached their duties of care owed to Plaintiff by:

a.  failing to adopt and implement adequate safety hierarchy procedures and policies;

b.  failing to design, manufacture, test, assemble and/or install the driver's airbag system so as to prevent it from having excessively energetic propellant, deploying with excessive force, and/or from expelling shrapnel in foreseeable collisions to kill or injure drivers or passengers upon air bag deployment during the same;

c.  failing to manufacture, test, assemble and/or install the driver's airbag system so that it was properly vented and would adequately deflate under foreseeable impacts;

d.  failing to ensure that the subject Vehicle was reasonably crashworthy;

e.  failing to exercise reasonable care in the manufacture of the subject Vehicle and its driver's frontal airbag system;

f.  failing to exercise reasonable care in the testing of the subject Vehicle and its driver's frontal airbag system;

g.  failing to exercise reasonable care in the inspection of the subject Vehicle and its driver's frontal airbag system;

h.  failing to adopt and implement adequate warnings regarding subject Vehicle and its driver's frontal airbag system;

i.  failing to incorporate appropriate quality assurance procedures in manufacture of the of the subject Vehicle and its driver's frontal airbag system;

j.  and on such other and further particulars as the evidence may show.

117. At all times relevant herein, as a direct and proximate result of VAAM Defendants' negligence and the breaches complained of herein, Plaintiff has suffered serious and permeant injuries including, but not limited to, severe head trauma, loss of two fingures, loss of use of left hand, scarring, shoulder and left arm damage, excruciating pain  and suffering,  mental  anguish,  loss of earning potential, loss of quality of life, and emotional distress from his accident on November 28, 2013.

118.  By reason of the foregoing, Plaintiff is entitled to recover for all general and special damages he sustained as a direct and proximate result of Defendants' negligent and grossly negligent acts or omissions.

119.  WHEREFORE, Plaintiff demands judgment against VAAM Defendants for all actual and compensatory damages he suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

### TENTH CAUSE OF ACTION
### (Strict Liability in Tort As to All Defendants)

120.  Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

121.   At all times relevant herein, all Defendants are strictly liable for designing, testing, manufacturing, distributing, selling, and/or placing a defective and unreasonably dangerous product into the stream of commerce.

122.   At all times relevant herein, the subject Vehicle and its driver's side airbag system were defective and unreasonably dangerous as to its design, manufacture, distribution and warnings, causing the Vehicle to be in a defective condition that made it unreasonably dangerous for its intended use.

123.  At all times relevant herein, all Defendants took some part in the manufacture and sale of the subject Vehicle and its driver's side airbag system to Plaintiff Mark James Fiero at some point prior to the Incident on November 28, 2013.

124.  At all times relevant, the subject Vehicle was being used in an intended and/or foreseeable manner when the Incident alleged herein occurred. Plaintiff neither misused nor materially altered the subject Vehicle, and upon information and belief, the subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

125.   At all times relevant herein, the subject Vehicle is and was unreasonably dangerous and defective because it was designed, manufactured and sold with a faulty deployment mechanism and or alghorithm that prevented the front airbag from deployment in foreseeable collisions, including during the Incident on November 28, 2013.

126.   At all times relevant herein, VAAM Defendants were aware of feasible alternative designs which would have minimized or eliminated altogether the risk of injury posed by the Vehicle and  its driver-side airbag system.

127.   At all times relevant herein, all Defendants had a duty to warn users of the dangers associated with by the Vehicle and its driver's side airbag system.

128.   At all times relevant herein, all Defendants failed to warn of the inherent and latent defects that made this product dangerous and unsafe for its intended use.

129.   At all times relevant herein, VAAM Defendants failed to design, test, manufacture, inspect, and all Defendants failed to sell a product that was safe for its intended use.

130. At all times relevant herein, as a direct and proximate result of all Defendants' negligence, failures, omissions, and the breaches complained of herein, Plaintiff has suffered serious and permeant injuries including, but not limited to,

severe head trauma, loss of two fingures, loss of use of left hand, scarring, shoulder and left arm damage, excruciating pain  and suffering,  mental  anguish, loss of earning potential, loss of quality of life, and emotional distress from his accident on November 28, 2013.

131.   WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for all actual and compensatory damages he suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

## ELEVENTH CAUSE OF ACTION
### (Failure to Warn As to All Defendants)

132.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

133.   VAAM Defendants, as manufacturers of subject Vehicle and its driver's frontal airbag system, owed duties to warn Plaintiff and other users of foreseeable dangerous conditions of the subject Vehicle which would impair its safety, and would have had and had no reason to believe that users would realize this potential danger.

134.   At all times relevant herein, Defendants failed to exercise reasonable care to inform users of the Vehicle's dangerous condition created by the non-functionality of the driver's frontal airbag system.

135.   As a direct and proximate result of Defendants failure to warn Plaintiff has suffered serious and permeant injuries, and by reason of the foregoing, is entitled to recover for all general and special damages he sustained as a direct and proximate result of Defendants' negligent and grossly negligent acts or omissions.

136.   Plaintiff hereby demands compensatory and punitive damages, together with interest, if applicable, and for all costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

(a)   A declaration that the airbags in Defective Vehicles are defective;

(b)   A declaration that the VAAM Defendants are financially responsible for notifying owners of all Audi A-4, S-4, and Allroad vehicles, regardless of the manufactured year, about the defective nature of the Defective Vehicles;

(c)   An order enjoining Defendants from further deceptive distribution, sales, and lease practices with respect to the Defective Vehicles, and directing Defendants to permanently, expeditiously, and completely repair the Defective Vehicles to eliminate the defective airbags;

(d)   An award to Plaintiff of actual, compensatory, exemplary, and statutory penalties, damages, including interest, in an amount to be proven at trial;

(e)   Past and future medical expenses and charges;

(f)   Past and future physical pain and mental anguish;

(g)   Past and future physical impairment;

(h)   Past and future disfigurement;

(i)   Past lost wages and future lost wage-earning capacity

(j)   An award of attorneys' fees and costs, as allowed by law; and

(k)   An award of pre-judgment and post-judgment interest, as provided by law and such other relief as may be appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests trial by jury on all issues so triable.

Dated:  June 21, 2015

By:  */s/* Shahin Motallebi, Esq.

**Law Offices of Shahin Motallebi**
1575 Westwood Blvd., Suite 201,
Los Angeles, CA 90024
Telephone:  (310) 268-1685
Facsimile:   (310) 683-0255